IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 17, 2011

## STATE OF TENNESSEE v. CHRIS L. ROBINSON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2010-I-313    Cheryl Blackburn, Judge**

_____

**No. M2010-01894-CCA-R3-CD - Filed June 3, 2011**

_____

The defendant, Chris L. Robinson, pleaded guilty to possession of more than 0.5 grams of cocaine with intent to sell, a Class B felony, in exchange for an eight-year sentence, leaving the trial court to determine whether he would serve the sentence concurrently with or consecutively to his six-year sentence in Davidson County Criminal Court case number 2009-I-508. The trial court ordered that the defendant serve the eight-year sentence consecutively to the six-year sentence. On appeal, the defendant argues that the imposition of consecutive sentences was inconsistent with the purposes and principles of the sentencing statutes. Following our review, we affirm the sentence of the trial court and remand solely for entry of an amended judgment reflecting that the defendant's sentence in this case is to run consecutively to his sentence in case number 2009-I-508.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed and Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

James O. Martin, III (at trial and on appeal) and Glenn Funk (at trial), Nashville, Tennessee, for the appellant, Chris L. Robinson.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Victor S. Johnson III, District Attorney General; Stacey Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

On April 22, 2010, the defendant pleaded guilty to possession of more than 0.5 grams of cocaine with intent to sell, a Class B felony, in exchange for an eight-year sentence, to serve as a Range I, standard offender, in the Tennessee Department of Correction. At the plea acceptance hearing, the state offered the following factual basis for the plea:

> [O]n March 2, 2010, officers stopped this vehicle because a BOLO had been sent out. Once stopped[,] the defendant jumped out of the vehicle and actually ran from the officer. A short chase ensued, and he was taken into custody. Along the path [that] the defendant ran[,] there was a bag of cocaine found containing ninety-eight grams of powder cocaine. Once he was taken . . . to booking and they took him out of [the police] vehicle[,] another bag was found inside the police vehicle that totaled . . . over fifty grams of more cocaine. After being Mirandized, he claimed all the drugs. That was here in Davidson County.

According to the defendant's presentence report, the police recovered a total of 151.2 grams of cocaine, which field-tested positive for cocaine base.

The trial court held a sentencing hearing on July 20, 2010, for the sole purpose of determining whether to run the defendant's sentence consecutively to or concurrently with his six-year sentence in case number 2009-I-508.

At the sentencing hearing, Reverend Robert Shipp testified that he had known the defendant since he was a young boy and had known the defendant's mother since she was a child, as well. He said that the defendant's family worshiped at his church. Reverend Shipp testified that the defendant's mother gave him up for adoption when he was a child. He said that the defendant was placed with a minister's family, but the minister was incarcerated for sex offenses. Reverend Shipp testified that while the defendant was with the minister's family, he did not attend Reverend Shipp's church, but the defendant's mother attended off and on. He agreed that the defendant's mother had problems with narcotics. The defendant returned to the reverend's church as a teenager. The reverend said that he tried to establish himself as a mentor for the defendant. He described the defendant as a "real good kid" and recalled that the defendant helped repair the church's roof. Reverend Shipp said that he was shocked when he learned of the defendant's arrest in this case because the defendant had recently gotten a job and a car.

Mary Crawford testified that she was the defendant's grandmother. She acknowledged that her daughter had many problems and had to give the defendant up for adoption. Ms. Crawford said that the Robinson family, who adopted the defendant, did not allow her to have a relationship with her grandson, but she was able to re-establish a relationship with him when he was a teenager. She had no knowledge of any abuse

committed by Mr. Robinson against the defendant. Ms. Crawford explained the circumstances surrounding the defendant's conviction for facilitation of aggravated robbery, which occurred before the instant case. She said that the defendant and his brother were living with their mother, but she went to jail and they had to fend for themselves.

The trial court ordered the defendant to serve his eight-year sentence in this case consecutively to his sentence in case number 2009-I-508, the facilitation of aggravated robbery conviction, because the defendant was on probation in that case when he committed the present offense.

**Analysis**

The defendant argues that the trial court's imposition of consecutive sentences was inconsistent with the principles and purposes of the sentencing statutes. Specifically, he argues that concurrent sentences would be more appropriate because, while the defendant had a "lack of guidance" early in childhood, Reverend Shipp provided a "positive force in his life."

An appellate court's review of a challenged sentence is *de novo* on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The Sentencing Commission Comments to this section of the statute indicate that the defendant bears the burden of establishing that the sentence is improper. When the trial court follows the statutory sentencing procedure and gives due consideration to the factors and principles relevant to sentencing, this court may not disturb the sentence. *See State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008).

Generally, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that at least one of following statutory criteria apply:

> (1) [t]he defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;
>
> (2) [t]he defendant is an offender whose record of criminal activity is extensive;
>
> (3) [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of

repetitive or compulsive behavior with heedless indifference to consequences;

(4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) [t]he defendant is sentenced for an offense committed while on probation; or

(7) [t]he defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

Specific findings that an extended sentence is necessary to protect society and is reasonably related to the severity of the offenses are prerequisites to consecutive sentencing under the "dangerous offender" category in Tennessee Code Annotated section 40-35-115(b)(4). *State v. Wilkerson*, 905 S.W.2d 933, 939 (Tenn. 1995). However, such specific factual findings are not required for the other categories of Tennessee Code Annotated section 40-35-115(b). *State v. Lane*, 3 S.W.3d 456, 461 (Tenn. 1999). Nevertheless, the general principles of sentencing require that the length of sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." *State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002) (citing Tenn. Code Ann. §§ 40-35-102(1) and -103(2)).

We conclude the trial court did not err in ordering the sentences to be served consecutively. The police recovered 151.2 grams of powder cocaine in this case. The aggregate sentence was justly deserved in relation to the seriousness of the offense, especially considering that the defendant was on probation at the time, and the sentence was not greater than that deserved. The defendant is without relief in this matter.

-4-

**Conclusion**

Based on the foregoing reasons, we affirm the trial court's judgment. However, the judgment does not reflect the court's order that the defendant serve the sentence in case number 2010-I-313 consecutively to case number 2009-I-508. Therefore, we remand solely for amendment of the judgment to reflect the trial court's order.

_____

J.C. McLIN, JUDGE